UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID BRIAN JOHNSON,

        Petitioner,

v.                                                 Case No. 2:07-cv-023
                                                 HON. ROBERT HOLMES BELL

LINDA M. METRISH,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner David Brian Johnson filed this petition for writ of habeas corpus challenging the validity of his convictions for arson of a dwelling house, in violation of MCL § 750.72A, and for arson of insured property, in violation of MCL § 750.75. Petitioner was convicted on November 30, 2004, following a jury trial. On January 7, 2005, petitioner was sentenced as a fourth-offense habitual offender to a prison term of six to twenty years on the arson of a dwelling house charge and a concurrent prison term of six to twenty years on the arson of insured property charge. Following his conviction, petitioner filed an appeal with the Michigan Court of Appeals. The Michigan Court of Appeals rejected petitioner's claims and affirmed his conviction. The Michigan Supreme Court denied leave to appeal.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States

Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I. Defendant was denied a fair trial by the erroneous admission of testimony that he was apprehended out of state and extradited back to Michigan.

II. Defendant was denied a fair trial by the repeated instances of prosecutorial misconduct during closing arguments, ineffective assistance of counsel.

III. Trial court allowed irrelevant and highly prejudicial other acts testimony of a previous fire, thereby denying defendant a fair trial.

IV. The weight of the evidence does not substantiate the verdict in terms of identification of Mr. Johnson as the perpetrator.

Petitioner was convicted of burning down his own home. After his home burned down, petitioner moved out of state. At his trial, petitioner maintained that the fire was caused by a propane gas leak. According to the prosecutor, petitioner started the fire by using an ignitable liquid. Evidence was introduced at trial that petitioner allegedly started a fire in a prior home.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Respondent argues that petitioner's first, second, and third claims are all procedurally defaulted. When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to petitioner's claim and that petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop for consideration

of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 (2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (*citing Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a vary narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

In his first claim, petitioner argues that he was denied a fair trial when evidence was introduced that he was apprehended outside the state of Michigan and was extradited back for trial. Petitioner failed to object to this testimony at trial, so the Michigan Court of Appeals reviewed the issue for plain error. The Michigan Court of Appeals found that no plain error had occurred, stating:

> Defense counsel not only failed to object to the brief mention of defendant being in Minnesota elicited by the prosecution, but he first mentioned defendant's move to Minnesota in his opening statement. He also pursued questioning on this topic during cross-examination. In regard to Donald Harris, the first witness to take the stand, the prosecutor asked about defendant's failure to cooperate with the insurance company's investigation. Harris stated that attempts were made to schedule defendant's examination, but defendant was in Minnesota. On cross-examination, defense counsel asked whether Harris knew that defendant and his family moved to Minnesota. Harris stated that he did. Defense counsel then asked, "Okay, so the Johnsons were not trying to abscond or go hide somewhere, [were] they, in your opinion?" Harris replied, "Well, in my opinion, I thought they were." Defense counsel also elicited testimony from Dan Brown about the meaning of extradition "in laymen's terms." Because defendant contributed to the admission of testimony regarding extradition and the possibility of flight, whether by plan or negligence, it cannot form the basis for reversal on appeal. *People v. Gonzales*, 256 Mich. App. 212, 224 (2003).

*Michigan v. Johnson*, No. 261096, at 2 (Mich. App. May 23, 2006).

Petitioner's claim is barred by procedural default where the Michigan Court of Appeals expressly relied on Michigan's contemporaneous objection rule in denying petitioner's

claim. It is clear that the contemporaneous objection rule was well-established at the time of petitioner's trial. *See, e.g.*, *People v. Kelly*, 423 Mich. 261, 271 (1985). A rule designed to arm trial judges with the information needed to rule reliably "serves a governmental interest of undoubted legitimacy." *Lee v. Kemna*, 534 U.S. 362, 384 (2002). Petitioner's failure to comply with the state's independent and adequate state procedural rule, i.e., making a contemporaneous objection, caused him to default his claim in state court. *See Wainwright*, 433 U.S. at 87-88; *West v. Seabold*, 73 F.3d 81, 84 (6th Cir.), *cert. denied*, 518 U.S. 1027 (1996). Accordingly, review by this court is barred unless petitioner can show cause and prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 485 (1986). Here, petitioner has not asserted any argument attempting to show cause to excuse the default.

Petitioner has not shown cause for the failure to make a contemporaneous objection to the testimony regarding petitioner's extradition at trial. Therefore, prejudice need not be considered. Petitioner also has not demonstrated that manifest injustice would result because he has not made a colorable claim of innocence; he has not shown that any constitutional error "probably" resulted from the conviction of one who was actually innocent. *Schlup*, 513 U.S. at 315, 322. This requires a showing that in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Coleman v. Mitchell*, 244 F.3d 533, 540 (6th Cir. 2001). Accordingly, in the opinion of the undersigned, petitioner's first claim is procedurally defaulted.

In his second claim, petitioner argues that repeated instances of prosecutorial misconduct during closing argument deprived him of a fair trial. Alternatively, petitioner argues that ineffective assistance of counsel, based on counsel's failure to object to this prosecutorial misconduct, deprived him of a fair trial. In reviewing this claim, the Michigan Court of Appeals

applied a plain error analysis, noting that petitioner did not object to the alleged prosecutorial misconduct at trial. The Michigan Court of Appeals rejected the claim, stating:

> Defendant asserts that the prosecutor engaged in improper vouching. A prosecutor may not vouch for the credibility of a witness on the basis of special knowledge, otherwise unavailable to the jury, *People v. Bahoda*, 448 Mich. 261, 276 (1995), but may argue that, on the basis of the evidence, a witness is worthy or unworthy of belief, *People v. Launsburry*, 217 Mich. App. 358, 361 (1996). The prosecutor in this case did nothing more than emphasize the evidence that supported the veracity of her witnesses and the evidence that tended to discredit defendant's expert witness. These statements were not improper.
>
> Defendant also challenges the prosecutor's reference to the Scott Peterson murder case when she thanked the jury for their service over five days of trial and then stated that they "could have been selected for the Scott Peterson jury and spent five months." There is nothing in this singular comment that suggests the prosecutor was trying to inject outside issues into this case. *People v. Cooper*, 236 Mich. App. 643 (1999).
>
> Defendant also challenges the prosecutor's characterization of defendant's repeated claims as to the importance of a negative lab test as nothing more than a "catchy slogan" that was "kind of like saying if the glove doesn't fit, you must acquit. But it's again a little insulting to your intelligence." This statement was not inflammatory. It was no more than an attempt to explain to the jury, using a well-known anecdote from a famous case, that it should not be persuaded by an attention-grabbing phrase.
>
> Defendant also challenges the prosecutor's statement that "we'll give the defendant a few points for not killing his dog." This was not improper. The prosecutor was simply arguing from the evidence that defendant's dog was outside, when it was usually inside, indicating that the defendant knew that there was going to be a fire. A prosecutor need not make an argument in the blandest possible terms. *People v. Aldrich*, 246 Mich. App. 101, 112 (2001).
>
> Next, defendant challenges the prosecutor's characterization of defendant's story about being blown over 30 feet through his garage door and into his driveway, as a pre-emptive strike that is "the Alger County equivalent of going on T.V. and saying, 'Where's Lacy?'" The prosecutor did nothing more than use a well-known incident

> from a famous case as shorthand for saying that defendant made
> public statements designed to make himself look like the victim
> rather than the perpetrator. Further, there was no similarity in the
> crimes charged here and the crimes in the Peterson case. The crimes
> are so dissimilar that there was little if any danger of any bad
> sentiment about the Peterson case influencing the jurors in this case.
>
> Finally, defendant challenges the prosecutor's use of a 9-11 analogy:
>
> > My 9-11 analogy earlier, . . . it's imperfect because
> > one of the unknowns there is . . . identity. We'll never
> > know who was sitting in the pilots' seats when the
> > planes were crashed. The point is that we are still
> > able to reach the conclusion that the crashes were
> > deliberate simply by the number of crashes, the timing
> > of the crashes, and most particularly the site of the
> > crashes.
>
> Here, the prosecutor was using a well-known example to explain to
> the jury how circumstantial evidence can indicate guilt where there
> is no way to know, based on direct observation, what happened in a
> given situation. While the reference might have been in poor taste,
> it did not rise to the level of prosecutorial misconduct.
>
> Defendant also contends that in failing to object to the above-cited
> comments, defense counsel failed to adequately represent defendant.
> Because there was no prosecutorial misconduct, there can be no error
> in defense counsel's failure to object to it. *People v. Fike*, 228 Mich.
> App. 178 (1998).

*Michigan v. Johnson*, No. 261096, at 3-4.

As noted by the Michigan Court of Appeals, petitioner failed to object to the prosecutor's comments at trial. Therefore, petitioner has procedurally defaulted on this claim, and review by this court is barred unless petitioner can show cause and prejudice.

Petitioner argues that he received ineffective assistance when his trial counsel failed to object to the prosecutor's comments. Ineffective assistance of counsel can serve as cause to excuse the default. In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth

- 8 -

Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

Petitioner has failed to show that prejudice resulted from trial counsel's failure to object to the prosecutor's comments during closing argument. Therefore, in the opinion of the

undersigned, petitioner's claim of ineffective assistance of counsel based on counsel's failure to object to the prosecutor's comments during closing argument is properly dismissed as being without merit. As such, cause has not been established to excuse the procedural default on petitioner's second claim. Accordingly, in the opinion of the undersigned, petitioner's second claim is procedurally defaulted.

Moreover, petitioner has failed to show the denial of a constitutional right on his second claim. When an allegation of prosecutorial misconduct is made, the issue for the court is whether the prosecutor's conduct denied petitioner a fundamentally fair trial. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S. Ct. 940 (1982). *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993) (applying similar test to habeas action). Inappropriate remarks or conduct by a prosecutor constitute a matter of constitutional concern only when it is egregious enough to deprive the defendant of a fair trial. *See United States v. Chambers*, 944 F.2d 1253 (6th Cir.), *cert. denied*, 112 S. Ct. 1217 (1992); *United States v. Mohney*, 949 F.2d 1397, 1400 (6th Cir. 1991), *cert. denied*, 112 S. Ct. 1940 (1992); *Paprocki v. Foltz*, 869 F.2d 281 (6th Cir. 1989). In this case, petitioner has failed to show that he was deprived of a fundamentally fair trial. Therefore, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In his third claim, petitioner argues that he was denied a fair trial when evidence was introduced that petitioner allegedly had started an earlier fire. The Michigan Court of Appeals rejected this claim, noting that the evidence was introduced by defense counsel:

> Defendant also contends that the trial court erred in admitting evidence regarding defendant's involvement in a prior house fire. However, this evidence was introduced by defense counsel, not the prosecution. The prosecution questioned Harris and Bruce Tozer briefly and generally about whether they knew of defendant's claim history. The prosecution did not pose any questions about the cause of the prior fire or, through her questions, implicate defendant's involvement in causing the fire. Rather, it was defense counsel who specifically probed defendant's involvement in the prior fire.
>
> On direct examination of Thomas Balmes, the prosecutor questioned him about whether he went to see the fire in this case. Balmes stated that his wife, who went to see the fire first, came back and told him that defendant had burned down his house. Although this testimony indicated that Balmes' wife had knowledge of the cause of the fire, testimony about the prior fire was elicited only on cross-examination. When defense counsel pressed Balmes about how anyone would know that defendant caused the fire in this case, Balmes responded, "because his first house burned down there and he collected the insurance." Defense counsel further questioned Balmes about the prior fire and Balmes testified that defendant "told me himself that he burned his house down once." Defense counsel asked, "Dave told you that . . . He told you that he burned his first house down?" Balmes then asked whether defense counsel wanted him to state exactly what defendant had told him. Defense counsel stated, "That's what I'm asking you." Balmes then testified about a conversation he had with defendant about the prior fire and about what other people had stated about defendant's involvement in that fire. Defense counsel then indicat[ed] through questioning that much of Balmes' testimony was based on hearsay, that the police never investigated the prior fire, and that the people who talked about defendant starting the prior fire simply did not like defendant. Thus, it appears that questioning along these lines was part of defense counsel's trial strategy. Because error requiring reversal cannot be error to which the aggrieved party contributed by plan or negligence, *People v. Gonzales*, 256 Mich. App. 212, 224 (2003), the admission of this evidence does not provide a basis for reversal.

*Michigan v. Johnson*, No. 261096, at 2.

As noted by the Michigan Court of Appeals, petitioner failed to object to the introduction of evidence of the prior fire. In fact, petitioner's counsel was responsible for the introduction of the evidence. Therefore, petitioner has procedurally defaulted on this claim, and review by this court is barred unless petitioner can show cause and prejudice.

Petitioner has not asserted any argument attempting to show cause to excuse the default. Therefore, petitioner has not shown cause for the default, and prejudice need not be considered. Petitioner also has not demonstrated that manifest injustice would result because he has not made a colorable claim of innocence; he has not shown that any constitutional error "probably" resulted from the conviction of one who was actually innocent. *Schlup*, 513 U.S. at 315, 322. Accordingly, in the opinion of the undersigned, petitioner's third claim is procedurally defaulted.

In his fourth claim, petitioner alleges that there was insufficient evidence to establish that he was the perpetrator who started the fire. The Michigan Court of Appeals rejected this claim, stating:

> Defendant also contends that the prosecutor failed to produce sufficient evidence of defendant's guilt beyond a reasonable doubt. We again disagree. "In sufficiency of the evidence claims, this court reviews the evidence in the light most favorable to the prosecution and determines whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. Circumstantial evidence and reasonable inferences drawn from it may be sufficient to establish the elements of a crime." *People v. Fennell*, 260 Mich. App. 261, 270 (2004) (footnotes omitted).
>
> Defendant asserts solely that there was insufficient evidence to support a finding beyond a reasonable doubt that he set the fire. Defendant's primary argument in support of this assertion is that, because no one saw him do it and he had no reason to do it, he could not have been found guilty beyond a reasonable doubt. However, the evidence demonstrated that defendant was at the scene when the fire started. It also demonstrated defendant's financial situation and what could be found to be attempts to set up a propane gas leak as the

> cause of the fire. Further, expert testimony established that the fire was set from ignitable liquids in the garage, and not from a propane explosion. Given this circumstantial evidence and the reasonable inferences that could be drawn therefrom, the jury could have concluded beyond a reasonable doubt that defendant started the fire.

*Michigan v. Johnson*, No. 261096, at 4.

A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id*. It is clear that the evidence was sufficient to establish that petitioner started the fire. As the Michigan Court of Appeals explained, the evidence demonstrated that petitioner was at the scene when the fire started and that the source of the fire was from ignitable liquids, along with other evidence that petitioner started the fire. Therefore, the evidence was sufficient to establish that petitioner was the perpetrator. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of petitioner's fourth claim was debatable or wrong. With regards to this fourth claim, petitioner failed to show that the evidence was insufficient to prove that he was the perpetrator of the fire. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability with regards to his fourth claim.

The undersigned recommends that the court deny petitioner's application on grounds of procedural default with regards to his first, second, and third claims. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that petitioner's first, second, and third claims are properly dismissed on the grounds of procedural default. Petitioner has failed to show cause to excuse the default for any of these claims. "Where a plain procedural bar is present and the district court is correct to invoke it

to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: July 8, 2009